## Monitor-Rentenbach
### v.
## Bethlehem Steel Corp.
[Cite as 4 AOA 29]

Case No. C-890354
Hamilton County (1st)
Decided June 20, 1990

Frost & Jacobs and Mark H. Klusmeier, Esq., 2500 Central Trust Center, 201 East Fifth Street, Cincinnati, Ohio 45202, for Plaintiffs-Appellees.

Faulkner & Tepe and R. Edward Tepe, Esq., 2700 Central Trust Tower, 5 West Fourth Street, Cincinnati, Ohio 45202, for Defendant-Appellant, Bethlehem Steel Corp.

Joseph Litvin, Esq., 404 Hulman Building, 120 West Second Street, Dayton, Ohio 45402, for Defendant-Appellant, Canam Steel Corp.

Per Curiam.

This cause came on to be heard upon the appeals, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the oral arguments of counsel.

Defendants-appellants, Bethlehem Steel Corporation and Canam Steel Corporation, appeal from the trial court's grant of summary judgment in favor of plaintiffs-appellees, Monitor-Rentenbach and Insurance Company of North America, in a declaratory-judgment action involving the construction of the Forest Fair Mall. Under their summary-judgment motion, the appellees sought a declaration in the court below that mechanics' lien claims asserted by the named defendants were invalid, an order discharging surety bonds that had been executed as security for the liens pursuant to R.C. 1311.11, and judgment in their favor on the various counterclaims asserted by the defendants. The appellants' respective appeals were consolidated, and their briefs attack the granting of the summary-judgment motion.

Upon review of the record before us, we conclude that summary judgment was improvidently granted. We hold that in order for the trial court to have reached its ultimate decision, it must have weighed the evidence. It is not the province of the trial court in ruling on a motion for summary judgment to weigh evidence, assess its probative value, decide factual issues, or choose among reasonable inferences. *Dupler v. Mansfield Journal Co.* (1980), 64 Ohio St. 2d 116, 121, 413 N.E.2d 1187, 1192, certiorari denied (1981), 452 U.S. 962, 101 S. Ct. 3111; see, also, *McPherson v. Rankin* (C.A. 5, 1984), 736 F.2d 175. Accordingly, resolution of this matter by summary judgment was inappropriate, and appellants' respective assignments of error are sustained.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with law.

*Judgment reversed and
cause remanded.*

SHANNON, P.J., HILDBRANDT and GORMAN, JJ.